UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BRANCATO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV01425 AGF |
| | ) |
| RONALD FISCHER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on the motions of Defendants David Heimos and Ronald Fischer to dismiss the First Amended Complaint of Plaintiff Donald Brancato for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 16,19.) Heimos and Fischer argue that Brancato has failed to state a claim against them, as private actors, under 42 U.S.C. § 1983, because he has failed to properly allege that they acted under color of state law. For the reasons set forth below, the Court will grant Defendants' motions to dismiss.

**FACTUAL BACKGROUND**

The facts, as alleged in Plaintiff's First Amended Complaint, are as follows:

In 1996, Fischer was granted a money judgment (the "Judgment") for the sum of $165,525.64 against Brancato, an orthopedic surgeon, issued by the Circuit Court of St. Louis City. In 2001, Fischer filed another cause of action against Brancato, Georgia D. Brancato, Donald H. Brancato, Inc., and North County Orthopedics, in the Circuit Court of St. Louis County, alleging that these parties conspired to conduct fraudulent

conveyances to prevent Fischer from collecting the sum owed to him under the Judgment. On February 11, 2005, the Honorable Thea A. Sherry issued an Amended Order and Judgment ordering Georgia D. Brancato, Donald H. Brancato, Inc., and North County Orthopedics to retransfer all income earned from the performance of Brancato's professional services in his medical practice back to Brancato in order to allow Fischer to collect the full Judgment, plus interest.

On May 5, 2005, Fischer moved, through his attorney, Heimos, for a Judgment of Contempt against Brancato. On June 9, 2005, Judge Sherry held a show cause hearing on Fischer's motion. At the hearing, Brancato testified that he had no money to satisfy the Judgment, and that he did not possess any funds belonging to Fischer. After the hearing, Heimos urged Judge Sherry to incarcerate Brancato. On July 30, 2005, Judge Sherry entered a judgment finding Brancato in contempt, and ordered that Brancato be "sentenced to imprisonment at the St. Louis County Department of Justice Services until he pays the Registry of the Court the sum of $165,525.64, plus interest."

Brancato was subsequently incarcerated in the St. Louis County Justice Center on August 16, 2005. At the onset of Brancato's incarceration, Judge Sherry's clerk informed Thomas A. Connelly, Brancato's counsel at the time, that the Judge would not release or "work-release" Brancato unless Fischer and/or Heimos consented to such release. Subsequently, Heimos informed Connelly during telephone conversations that Fischer would not consent to Brancato's release, and that Fischer believed that Brancato's mother possessed sufficient funds to secure Brancato's release.

On August 18, 2005, Connelly filed a petition for a Writ of Habeas Corpus with the Missouri Court of Appeals, Eastern District, claiming that Brancato was wrongfully imprisoned because the Missouri Constitution prohibits the incarceration of an individual for failure to pay debts. On September 15, 2005, the Court of Appeals issued a Writ of Habeas Corpus to the Director of St. Louis County Justice Services commanding Brancato be discharged. Brancato was subsequently released.

In June 2010, Brancato filed this action in state court against Heimos and Fischer, seeking damages under 42 U.S.C. § 1983 for violation of his procedural due process rights under the Fourteenth Amendment. Defendants removed this action to federal court on August 5, 2010, asserting subject matter jurisdiction. On September 28, 2010, Brancato filed his First Amended Complaint alleging that Heimos, Fischer, and Judge Sherry conspired to incarcerate Brancato in violation of his Sixth, Eighth, and Fourteenth Amendment rights. Specifically, Brancato alleges that Heimos, Fischer, and Judge Sherry "conspired together (in this instance, to operate a debtors' prison), or participated in joint activity with each other, and/or Judge Sherry provided 'significant aid' to Heimos and Fischer, and/or all of them acted jointly to cause Brancato's incarceration in their efforts to coerce Brancato to pay a debt owed to Fischer." Defendants now seek to have Brancato's First Amended Complaint dismissed.

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (holding that upon considering a motion to dismiss under Rule 12(b)(6), a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions, but pleadings which present "no more than conclusions, are not entitled to the assumption of truth."); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005)); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *C.N. v. Willmar Pub. Sch.*, 591 F.3d 624, 630 (8th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

Under this standard, the task of a court is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should

be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). "This is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

"In considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n. 4 (8th Cir. 2003) (referring to writings that may be viewed as attachments to a complaint, such as the contracts upon which his claim rests). *See also Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) (citing Fed. R. Civ. P. 10(c) and noting that "written instruments attached to the complaint become part of it for all purposes. For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint."). Consequently, the factual allegations here are taken from Plaintiff's First Amended Complaint, including its attachments.

## **DISCUSSION**

Heimos and Fischer argue that Brancato has failed to state a claim against them, as private actors, under 42 U.S.C. § 1983, because he has failed properly to allege that they acted under color of state law, and therefore his First Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

To state a claim under § 1983, a plaintiff must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under the color of state law.

5

*See West v. Atkins*, 487 U.S. 42, 48 (1988). In order to state a claim against a private actor, a plaintiff may allege conspiracy, or joint participation, between the private actor and a state official to deprive the plaintiff of his constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *See White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981); see also *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir.2010) (a conspiracy under § 1983 "requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators") (quoting *Kearse v. Moffett*, 311 F.3d 891, 892 (8th Cir.2002)).

Defendants urge the Court to dismiss this action in accordance with the reasoning set forth in *Lawrence v. St. Paul*, 740 F. Supp. 2d 1026 (D. Minn. 2010). In *Lawrence*, the plaintiff claimed that police officers conspired with her former boyfriend, also a police officer, when investigating an altercation between the two. *Id.* In support of her claim, plaintiff alleged that the officers and former boyfriend had the opportunity to conspire, and that the officers acted in manner consistent with the existence of a conspiracy when they towed her car and subjected her to a blood alcohol level test. *Id.* at 1050. The *Lawrence* court held that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to suggest a conspiratorial agreement was made. *Id.* (quoting *Twombly*, 550 U.S. at 556-57). Therefore, the court dismissed the complaint

6

for failing to contain enough factual matter to nudge the conspiracy claim "across the line from conceivable to plausible." *Id.* at 1051 (quoting *Twombly*, 550 U.S. at 557).

Brancato's First Amended Complaint provides only two factual allegations that could conceivably give rise to the inference that Defendants and Judge Sherry formed a conspiratorial agreement. First, Brancato alleges that Heimos urged Judge Sherry to incarcerate him and that Judge Sherry complied with this request. Second, Brancato alleges that Judge Sherry's clerk informed Connelly that the Judge would not release Brancato unless Fischer and/or Heimos consented to such release, and that Heimos later informed Connelly that Fischer would not consent to Brancato's release.

Defendants correctly argue that when an attorney acts only in the performance of his duties as counsel, such actions are not performed under color of state law. *See Harley v. Oliver*, 539 F.2d. 1143, 1145-46 (8th Cir. 1976). Here, Heimos moved for a Judgment of Contempt and urged the court to render a specific decision; actions certainly within the purview of his duties as counsel. The fact that Judge Sherry sided with Heimos does not evidence a conspiracy. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *see also Young v. Harrison*, 284 F. 3d 863, 870 (8th Cir. 2002) ("A private person does not conspire with a state official merely by invoking an exercise of the state official's authority.")

Judge Sherry issued a seven-page Judgment of Contempt, in which she carefully enumerated Brancato's acts of contempt and concluded that Brancato "intentionally and contumaciously refused and failed to pay the Judgment monies owed to Fischer." Having

7

found Brancato in contempt, Judge Sherry ordered him incarcerated until he satisfied the Judgment. There is simply no indication that Judge Sherry ordered Brancato's imprisonment for any reason other than it was the course of action she deemed most appropriate. If it were enough to merely allege that a court's ruling in favor of an alleged co-conspirator adversely affected the complainant, "then pleading a conspiracy 'would be a sure thing.'" *Lawrence*, 740 F. Supp. 2d at 1051.

Similarly, Brancato's allegation that Judge Sherry would not release him without Defendants' consent, and that Defendants withheld such consent, does not suggest a meeting of the minds. Brancato does not allege that Defendants requested the authority to control his imprisonment, or that Judge Sherry told Defendants that they were granted such authority. Rather, Brancato alleges that Judge Sherry had determined that she would not release Brancato without Defendants' consent, and that Defendants, after being advised of same, thereafter elected not to grant such consent. As in *Lawrence*, Brancato's allegations of parallel conduct and the mere conclusory allegation of conspiracy is not sufficient to suggest that a conspiratorial agreement was made. *Id.*

The Court finds that Brancato's First Amended Complaint does not contain enough factual allegations to push his conspiracy claim "across the line from conceivable to plausible." *Id.* (quoting *Twombly*, 550 U.S. at 557). Therefore, the Court will grant Defendants' motion to dismiss Brancato's claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant David Heimos' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant David Ronald Fischer's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant David Heimos' Motion to Dismiss Plaintiff's Complaint (Doc. 8) is **DENIED as moot**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2011.